# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT GARCIA,<br><br>        Plaintiff,<br><br>    v.<br><br>MCGUINNESS, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:05-CV-01275 OWW DLB P<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF BE DENIED<br><br>**OBJECTIONS DUE MARCH 14, 2007**<br><br>(Docs. 30) |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This case is proceeding on plaintiff's complaint filed on October 7, 2005 against two health care professionals and the Chief of Inmate Appeals at the California Substance Abuse Treatment Facility in Corcoran, California. Plaintiff alleges defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. On April 19, 2006, plaintiff filed a motion seeking preliminary injunctive relief. Defendants filed an opposition on May 22, 2006, and plaintiff filed a reply on June 1, 2006.

In his motion, plaintiff requests that the court order defendants to administer certain prescription pain medication which was previously prescribed by an outside physician. Plaintiff alleges that on September 15, 2005 he was sent to an outside pain specialist for his back and knee pain who prescribed pain medication for him. Plaintiff contends defendant Dr. Bhatt refused to allow the medication. Plaintiff seeks a court order mandating that he receive the prescription pain medication.

In their opposition, defendants argue that plaintiff has not met his burden because he has not

1

presented any evidence that he is in imminent danger of irreparable harm. Defendants also submit the declaration of N. Bhatt, who attests that plaintiff has been seen and given all appropriate treatment for his pain problem, including appropriate pain medication when needed. Declaration of N. Bhatt, ¶ 7. Dr. Bhatt states that plaintiff is able to ambulate well without pain or disability, has been able to bend his knee and walk without problems and has even been able to walk without the use of a cane. Declaration of N. Bhatt, ¶ 8. Dr. Bhatt opines that the denial of a narcotic or non-narcotic medication is justified under the circumstances, especially in light of plaintiff's history of narcotic seeking behavior. *Id.* Defendants contend that under California Department of Corrections and Rehabilitation's policies, an outside physician's recommended treatment and prescription are to be treated as "recommendations" which do not have to be adhered to. Dr. Bhatt contends the medication was not warranted.

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." Id. Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits." Id. At a bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or questions serious enough to require litigation." Id.

Plaintiff has not met his burden as the moving party. "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (quotations and citations omitted) (emphasis in original). A *mandatory* preliminary injunction, such as that sought by plaintiff in the instant motions, "is subject to heightened scrutiny and should not be issued unless the facts and the law clearly favor the moving party." Dahl v. Hem Pharmaceuticals

2

Corp., 7 F.3d 1399, 1403 (9th Cir. 1993). As the moving party, it is plaintiff who bears the burden, and the burden does not shift to defendants unless and until plaintiff's burden has been met.

A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834 (1994). "Deliberate indifference is a high legal standard." Toguchi, 391 F.3d at 1060. "A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a s 1983 claim," Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted), and a difference of opinion between medical personnel regarding treatment does not amount to deliberate indifference, Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989). To prevail, plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986) (internal citations omitted).

Although plaintiff may offer his lay opinion as to the symptoms he is experiencing (e.g., pain, etc.), plaintiff may not offer his opinion as to medical necessity of medication or the appropriate treatment. In addition to his own opinion, plaintiff has submitted documentary evidence in the form of medical records. The records indicate that plaintiff has been provided treatment and given alternative medications for his pain. The records are consistent with Dr. Bhatt's declaration and do not contain any plain statements that plaintiff is in immediate need of the medication he seeks and is under significant threat of irreparable harm without the injunction. Thus, plaintiff has not made the showing required to meet his burden as the party moving for preliminary injunctive relief.

Plaintiff has also failed to demonstrate a fair chance of success on the merits of his claim. Defendant Dr. Bhatt has submitted evidence that in his medical opinion, the prescribed medication is not necessary. As the party moving for the injunction, plaintiff bears the burden. Plaintiff's lay

1 | opinion regarding his medication and whether defendant's failure to provide the medication violate
2 | plaintiff's constitutional rights is insufficient to meet this burden. Plaintiff's disagreement with
3 | defendants' course of treatment does not amount to deliberate indifference.

Based on the foregoing, the court HEREBY RECOMMENDS that plaintiff's motion for preliminary injunctive relief, filed April 19, 2006 be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). On or before March 14, 2007, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **February 27, 2007**         /s/ Dennis L. Beck
3b142a                               UNITED STATES MAGISTRATE JUDGE