IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT GARCIA,<br><br>        Plaintiff,<br><br>vs.<br><br>MCGUINESS, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. CV-F-05-1275 OWW DLB P<br><br>ORDER DENYING PLAINTIFF'S<br>MOTION FOR SANCTIONS<br>[Doc 52] |

      Plaintiff s a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On December 4, 2006, plaintiff filed a motion for sanctions against defendant Bhatt alleging that he in responding to discovery by stating that he had never been a defendant in a civil case. Defendant filed an opposition on December 8, 2006 and plaintiff filed a reply on December 15, 2006.

      The following discovery and response are at issue:

          Request for Admission No. 7: Admit that you have been sued before in the past for alleging professional negligence.

          Response to Request No. 7: Objection. This question seeks information    Which is protected from disclosure by attorney-client

1

1  privilege (Evid. Code §952). Objection. This question seeks information which is protected from disclosure by attorney-work product privilege. *Brown v. Superior Court* (1963) 218 Cal. App. 2d. 430). Without waiving the above objection, not to defendant's personal knowledge.

Plaintiff argues that defendant Bhatt has been a defendant in at least nine (9) cases filed in this court and has therefore committed perjury and should be sanctioned.

Where responses to requests for admission are timely served but deemed deficient, the requesting party may move for an order to determine the sufficiency of the response. Fed.R.Civ. 36(a). However, where, the request is denied, a motion to determine the sufficiency of the denial is improper. The truth of the matter must be proved at trial, whereafter the discovering party's only remedy is to move for payment of the expenses of such proof. Fed.R.Civ. Proc. 37(c). Rule 37(c) requires an award of sanctions if the party requesting the admission has proved the non-admitted matter to be genuine or true unless the request was objectionable; the admission sought was of no substantial importance; the party failing to admit had reasonable ground to believe he or she might prevail on the matter; or there was other good reason for the failure to admit. *Id*.

To the extent plaintiff challenges defendant's objections to the request, his motion is granted and defendant's objections are overruled. However, to the extent plaintiff seeks to determine the sufficiency of defendant's denial, the motion is denied. Pursuant to Rule 37(c), plaintiff's argument that the request should have been admitted by defendant Bhatt is premature. Should plaintiff prove at trial that defendant Bhatt has been sued in the past for professional negligence, he may apply for an order awarding expenses incurred in proving this, *after the facts have been adjudicated*.

IT IS SO ORDERED.

**Dated:　September 10, 2007**　　　　　　　　　**/s/ Dennis L. Beck**
　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE