# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT GARCIA, | CASE NO. 1:05-cv-01275-OWW-DLB PC |
| Plaintiff, | Findings AND RECOMMENDATION THAT DEFENDANTS' MOTION FOR SUMMARY JUDGMENT BE GRANTED |
| v. | |
| P. MCGUINNESS, et al., | (Doc. 65) |
| Defendants. | |

I. <u>Defendants' Motion for Summary Judgment</u>

A. <u>Procedural History</u>

Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's complaint against defendants McGuinness, Bhatt and Grannis ("defendants") for acting with deliberate indifference to Plaintiff's serious medical needs, in violation of the Eighth Amendment. At the time of the events at issue in this action, Plaintiff was a state prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"), and was housed at the California Substance Abuse Treatment Facility ("CSATF") in Corcoran, California.

Defendant filed a motion for summary judgment on March 8, 2007. Plaintiff filed an opposition on March 30, 2007 and defendants filed a reply on April 11, 2007.

B. <u>Legal Standard</u>

Summary judgment is appropriate when it is demonstrated that there exists no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R.

Civ. P. 56(c). Under summary judgment practice, the moving party

> [A]lways bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'" Id. Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Id. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." Id. at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the denials of its pleadings, but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. Rule 56(e); Matsushita, 475 U.S. at 586 n.11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual

dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).

In resolving the summary judgment motion, the Court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any. Rule 56(c). The evidence of the opposing party is to be believed, Anderson, 477 U.S. at 255, and all reasonable inferences that may be drawn from the facts placed before the Court must be drawn in favor of the opposing party, Matsushita, 475 U.S. at 587 (citing United States v. Diebold, Inc., 369 U.S. 654, 655 (1962) (per curiam). Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987).

Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts. Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587 (citation omitted).

C. Undisputed Facts[1]

1. Background Facts

1. At all relevant times, Plaintiff was an inmate duly incarcerated within the California Department of Corrections and Rehabilitation ("CDCR") housed in the California Substance

---

[1] Plaintiff neither filed his own separate statement of disputed facts nor admitted or denied the facts set forth by defendants as undisputed in compliance with Local Rule 56-260(b). Further, Plaintiff did not tender any evidentiary objections in any other form. FDIC v. New Hampshire Ins. Co., 953 F.2d 478, 484 (9th Cir. 1992) (evidentiary defects waived absent objection). Therefore, Defendants' statement of undisputed facts is accepted except where brought into dispute by Plaintiff's complaint or his opposition. Jones v. Blanas, 393 F.3d 918, 923 (9th Cir. 2004) (verified complaint may be used as an opposing affidavit *if it is based on pleader's personal knowledge of specific facts which are admissible in evidence*). A verified opposition to a motion for summary judgment may also be considered as an opposing affidavit for purposes of the summary judgment rule if it is based on facts within the pleader's personal knowledge. Johnson v. Meltzer, 134 F.3d 1393, 1399-1400 (9th Cir. 1998).

|   |     | Abuse Treatment Facility ("CSATF") in Corcoran, Califonria. |
|---|-----|---|

1. Abuse Treatment Facility ("CSATF") in Corcoran, Califonria.
2. At all relevant times, P. McGuinness, M.D. was employed at CSATF as the Chief Medical Officer (CMO).
3. At all relevant times, N. Bhatt, M.D. was a physician and surgeon, employed at CSATF.
4. Defendant N. Grannis has been the Chief of Inmate Appeals Branch (IAB) since 2002.
5. The basis for plaintiff's lawsuit is deliberate indifference under 42 U.S.C. sec. 1983. Specifically plaintiff contends that he was denied surgery and pain medication (Ultram) on August 19, 2005 and September 15, 2005.
6. Plaintiff received a complete right knee replacement on October 18, 2001.
7. Plaintiff was found to be non surgical by Dr. Amirpour in March of 2005.
8. Plaintiff was denied the medication Ultram because it is a narcotic and plaintiff had a prior history of drug addiction.
9. Plaintiff's treating physician, Dr. Bhatt, did not think there was a need for the use of Ultram because plaintiff did not exhibit a medical necessity for the use of such a strong narcotic.
10. Defendant McGuinness contends he has never knowingly or intentionally caused plaintiff any pain, suffering or injury of any kind.
11. Defendant McGuinness contends he has never disregarded any risk of harm or injury to plaintiff.
12. Defendant McGuinness contends he was never deliberately indifferent to plaintiff's medical needs.
13. Plaintiff received a complete right knee replacement on October 18, 2001.
14. Dr. Bhatt examined and treated Plaintiff in 2004 and 2005 concerning his complaint of right knee pain and is aware of his medical condition.
15. At the time of said examinations in 2004 and 2005, Dr. Bhatt ordered orthopedic consults, physical therapy, a leg brace and provided lay in and shoe chronos concerning plaintiff's knee discomfort.
16. No physician ever recommended additional knee surgery for plaintiff. On the contrary, Dr. Amirpour, an orthopedic consultant, stated plaintiff was nonsurgical and that an operation

would not help plaintiff's medical condition.

17. Plaintiff was denied the medication Ultram because it is a narcotic and plaintiff had a prior history of drug addiction.

18. In Dr. Bhatt's medical opinion, plaintiff was not in medical need of a strong pain medication, such as Ultram because plaintiff did not exhibit a medical necessity for the use of such a medication when he examined him.

19. Defendant Bhatt contends he has never knowingly or intentionally caused plaintiff any pain, suffering or injury of any kind.

20. Defendant Bhatt has never disregarded any risk of harm or injury to plaintiff.

21. Plaintiff received all reasonable and necessary care within the community standards and in accordance with CDCR policies and procedures and defendant Bhatt was never deliberately indifferent to plaintiff's medical needs.

22. Defendant Grannis is responsible for coordinating the investigation and responses to appeals at the Director's level of review, known as the Third Level review.

23. All inmate appeals accepted for a Director's level decision are processed through the IAB.

24. In her capacity as the chief of the IAB, defendant Grannis has no personal involvement with providing medical, dental or other health services staff for CDCR.

25. In her capacity as th chief of the IAB, defendant Grannis has no personal involvement in the supervision or training of medical, dental or other health services staff for CDCR.

26. Defendant Grannis has never met or spoken to plaintiff.

27. Plaintiff alleges defendant Grannis denied his 602 appeal at the Director's level; however, plaintiff does not identify which appeal.

28. Plaintiff was placed on a waiting list for physical therapy by the medical staff and plaintiff began physical therapy treatment in February of 2003.

29. Plaintiff's appeal IAB Case No. 0208457 was denied at the Director's level because plaintiff failed to support his appeal with sufficient evidence or facts.

30. Based on defendant Grannis' own investigation, she determined that CDCR's medical staff properly addressed plaintiff's physical therapy request.

| | |
|---|---|
| 1 | 31. On December 17, 2004, defendant Grannis responded to plaintiff's appeal No. 04-02915, IAB Case No. 0404499 whereas plaintiff requested to be seen by the orthopedic specialist who performed his knee replacement surgery in October 2001. |
| 4 | 32. An orthopedic appointment was scheduled for plaintiff with Dr. Amirpour in September 2004 but Dr. Amirpour cancelled said appointment which was beyond the institution's control. |
| 7 | 33. A subsequent appointment with Dr. Amirpour was scheduled for November 2004. |
| 8 | 34. Defendant Grannis contends she has never knowingly or intentionally caused plaintiff any pain, suffering or injury of any kind. |
| 10 | 35. Defendant Grannis contends she has never disregarded any risk of harm or injury to plaintiff. |
| 11 | 36. Defendant Grannis contends she was never deliberately indifferent to plaintiff's medical needs. |

D.  Discussion[2]

Plaintiff contends that defendants delayed his knee surgery and denied his pain medication ordered by his pain specialists in 2004 and 2005. Plaintiff also contends defendants denied him physical therapy.

Defendants argue they are entitled to summary judgment because plaintiff received adequate medical care for his knee condition and at most, plaintiff's allegations amount to his disagreement with the course of treatment he was given. Defendants point out that plaintiff received a right knee replacement on October 18, 2001. UF 6. Dr. Bhatt treated plaintiff in 2004 and 2005. UF 14. On June 5, 2004, Dr. Bhatt referred plaintiff to Dr. Amirpour, an orthopedic specialist. Plaintiff was scheduled to see Dr. Amirpour in September 2004. UF 32. The appointment was rescheduled by the doctor's office and plaintiff was seen in November 2004. Dr. Amirpour opined that plaintiff's condition was non-surgical and surgery would not improve plaintiff's condition. UF 16.

Defendants also point out that during Dr. Bhatt's care of plaintiff in 2004 and 2005, he

---

[2] Plaintiff's complaint and opposition are verified and shall be treated as affidavits for purposes of the summary judgment rule where they are based on facts within Plaintiff's personal knowledge of admissible evidence, and not merely on Plaintiff's belief. Lew v. Kona Hospital, 754 F.2d 1420, 1423 (9th Cir. 1985); Fed. R. Civ. P. 56(e).

6

ordered orthopedic consults, physical therapy, a leg brace and he provided lay in and shoe chronos concerning plaintiff's knee discomfort. UF 15. Dr. Bhatt states that he denied plaintiff the medication Ultram, which was previously prescribed, because it is a narcotic and plaintiff had a prior history of drug addiction. UF 17. In Dr. Bhatt's medical opinion, plaintiff was not in medical need of a strong pain medication, such as Ultram. UF 18.

Defendant Grannis contends she is entitled to summary judgment because her only involvement with plaintiff was in her capacity as chief of the IAB where she denied plaintiff's 602 appeals at the Directors Level. *See* UF 27. Defendant Grannis performed an investigation and determined that CDCR's medical staff properly addressed plaintiff's medical needs.

The Court finds that defendants have met their initial burden of informing the Court of the basis for their motion, and identifying those portions of the record which they believe demonstrate the absence of a genuine issue of material fact. The burden therefore shifts to Plaintiff to establish that a genuine issue as to any material fact actually does exist. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). As stated above, in attempting to establish the existence of this factual dispute, Plaintiff may not rely upon the mere allegations or denials of his pleadings, but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. Rule 56(e); Matsushita, 475 U.S. at 586 n.11; First Nat'l Bank, 391 U.S. at 289; Strong v. France, 474 F.2d 747, 749 (9th Cir. 1973).

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834 (1994).

Plaintiff's opposition is essentially a reiteration of the allegations set forth in the complaint. It appears Plaintiff has confused the showing he must make at this stage with the initial showing he had to make to state a claim for relief. Although Plaintiff's allegations were sufficient to state a claim for relief under federal notice pleading standards, at this stage in the litigation, Plaintiff must come forth with evidence in support of his claims. Plaintiff has not done so.

"Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).

The court has reviewed plaintiff's opposition and finds that plaintiff has set forth no evidence that raises a genuine issue of material fact. There is no disagreement between the parties that plaintiff believes that the treatment provided by defendants was inadequate, did not address his medical needs, and did not provide him complete relief from his pain. However, plaintiff's disagreement with the treatment provided by defendants is insufficient to demonstrate that defendants acted with deliberate indifference to plaintiff's serious medical needs. Plaintiff has set forth no evidence demonstrating that defendants' course of treatment was medically unacceptable under the circumstances and that they chose this course in conscious disregard of an excessive risk to plaintiff's health. Jackson, 90 F.3d at 332 (quotations and internal citations omitted). Plaintiff's own lay opinion is insufficient to raise a genuine issue of material fact as to the acceptability of the course of treatment rendered by defendants.

While it is undisputed that Dr. Bhatt denied plaintiff the medication Ultram as previously prescribed and Dr. McGuinness affirmed this decision, defendants explain that plaintiff was denied the medication based on his prior history of drug addiction. There is no evidence to suggest that defendants denied plaintiff this medication in disregard of a substantial risk to plaintiff. Plaintiff also does not dispute that he was provided alternative treatment for his pain. "A difference of

1  opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a s 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted). To prevail, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986) (internal citations omitted). Plaintiff questions his motives, but he does not dispute that Dr. Bhatt referred him to at least two pain specialists. While it is apparent that plaintiff suffered from a condition that caused him discomfort, plaintiff has not demonstrated that the course of treatment provided was "medically unacceptable under the circumstances . . ." and chosen "in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986) (internal citations omitted). It is undisputed that defendants provided treatment for plaintiff and the record is utterly devoid of any evidence that defendants "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health or safety." Farmer, 511 U.S. at 837. Accordingly, Defendants are entitled to judgment as a matter of law on Plaintiff's claim against them.

Moreover, plaintiff does not dispute that defendant Grannis' only involvement in his case was in connection with her denial of his inmate appeals at the Director's Level. Prisoners have no constitutional right to an inmate grievance system. Olim v. Wakinekona, 461 U.S. 238, 249 (1983). "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." Azeez v. DeRobertis, 568 F. Supp. at 10; Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986). Specifically, failure to process a grievance does not state a constitutional violation. Buckley, 997 F.2d at 495. Thus, a prison official's involvement and actions in reviewing prisoner's administrative appeal cannot serve as the basis for liability under a § 1983 action. Buckley, 997 F.2d at 495.

E. Conclusion

For the foregoing reasons, the Court finds that Plaintiff has not met his burden of setting forth

admissible evidence raising triable issues of material fact, and defendants are entitled to judgment as a matter of law on the claims against them. Accordingly, based on the foregoing, it is HEREBY RECOMMENDED that defendants' motion for summary judgment, filed April 23, 2007, be GRANTED, concluding this action in its entirety.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within twenty (20) days of this Order, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **February 6, 2008**          /s/ **Dennis L. Beck**
                                     UNITED STATES MAGISTRATE JUDGE